DONGELL LAWRENCE FINNEY LLP
HILLARY ARROW BOOTH, SBN 125936
(hbooth@dlflawyers.com)
PAUL D. RASMUSSEN, SBN 201680
(prasmussen@dlflawyers.com)
707 Wilshire Boulevard, 45th Floor
Los Angeles, CA 90017-3609
Telephone: (213) 943-6100
Facsimile: (213) 943-6101

Attorneys for Defendants
RCT XPRESS, INC. and
FAST FLEET SYSTEMS, INC.

ORIGINAL FILED
MAY 2 5 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

ADR

| | |
|---|---|
| ST. PAUL FIRE & MARINE INSURANCE COMPANY, a Minnesota corporation; and AIT WORLDWIDE LOGISTICS, INC., an Illinois corporation,<br><br>            Plaintiff,<br><br>     v.<br><br>RCT XPRESS, INC., a California corporation, FAST FLEET SYSTEMS, INC., a Pennsylvania corporation, and DOES 1 through 50, Inclusive,<br><br>            Defendants. | Case No.:<br><br>C07-02772 SI<br><br>NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (FEDERAL QUESTION) |

TO:   THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

    The removing parties, RCT XPRESS, INC. and FAST FLEET SYSTEMS, INC. (collectively, the "Defendants"), submit that:

    1.    The Defendants are parties to an action filed in the Superior Court of California, County of San Mateo, as Case No. CIV 462550, on April 26, 2007, (the "Lawsuit") and was served on Defendants on April 30, 2006. A true

1. and correct copy of the Complaint in that action (the "Complaint") is attached hereto as Exhibit "A."

2. Defendant RCT Xpress, Inc. is a California corporation with its principal place of business in Burlingame, California.

3. Defendant Fast Fleet Systems, Inc. is a New Jersey corporation.

4. The defendants listed in the Complaint as "DOES 1 through 20" are unknown to the Defendants.

JURISDICTION

5. The Defendants have grounds to remove the Lawsuit based upon the pleading of a federal question. Defendants are in the business of providing trucking services. Plaintiff AIT Worldwide Logistics, Inc. hired Defendant RCT Xpress, Inc. to transport a shipment of semi-conductor equipment ("cargo") from Fremont, California to San Francisco International Airport, where it was to be transported, via air, to Phoenix, Arizona. In the Complaint, Plaintiffs plead five causes of action: (1) damage or injury to freight; (2) breach of contract; (3) negligence; (4) California Civil Code Section 2194; and (5) bailment, and seeks compensatory and consequential damages based on the Defendants' alleged failure to adequately secure the cargo. Where multiple carriers are responsible for different legs of a continuous shipment where the intended destination at the time of the shipment is another state, the liability of Defendants, if any, is governed by 49 U.S.C. § 14706 et seq. (the "Carmack Amendment"). The Carmack Amendment applies throughout the entire portion of shipment taking place within the United States, including intrastate legs of shipment. See Project Hope v. M/V Ibn Sina, 250 F.3d 67, 75 (CA2 NY 2001). The Carmack Amendment preempts all state and common law claims and provides the sole and exclusive remedy to shippers for loss or damage in interstate transit. See Hughes Aircraft v. North American Van Lines, 970 F.2d 609, 613 (9th Cir. 1992); See Adams Express Co. v. Croninger, 226 U.S. 491, 505-506 (1913).

6. This Court has original jurisdiction of the Lawsuit pursuant to 28 U.S.C. § 1331 in that a federal question is involved, and the action may, therefore be removed to this Court pursuant to 28 U.S.C. § 1441.

INTRADISTRICT ASSIGNMENT

7. This Lawsuit arises in either Alameda County (where the cargo was picked up and stolen) or San Mateo County (where Defendant RCT Xpress is located) and should be assigned to the San Francisco Division or the Oakland Division of the United States District Court for the Northern District of California pursuant to Northern District Civil Local Rules 3-2(c) and 3-2 (d).

WHEREFORE, the Defendants pray that the Lawsuit be removed from the Superior Court of California, County of San Mateo to the United States District Court for the Northern District of California.

DATED: May 25, 2007                    DONGELL LAWRENCE FINNEY LLP

                                        By: /s/ Hillary Arrow Booth
                                            Hillary Arrow Booth
                                            Attorneys for RCT XPRESS, INC. and
                                            FAST FLEET SYSTEMS, INC.

# EXHIBIT A

```
1  ADAM C. BROWN (SBN 161951)
   JANET K. HAINES (SBN 242374)
2  BROWN & ASSOCIATES
   A Professional Law Corporation
3  11140 Fair Oaks Boulevard, Suite 100
   Fair Oaks, CA 95628
4  Telephone:  (916) 859-4910
   Facsimile:  (916) 859-4911
5
   Attorneys for Plaintiffs
6  St. Paul Fire & Marine Insurance Company and
   AIT Worldwide Logistics, Inc.
7
```

**ENDORSED FILED**
**SAN MATEO COUNTY**
APR 26 2007
Clerk of the Superior Court
By M. Javillonar
DEPUTY CLERK

BY FAX

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN MATEO

| | |
|---|---|
| ST. PAUL FIRE & MARINE INSURANCE COMPANY, a Minnesota corporation; and AIT WORLDWIDE LOGISTICS, INC., an Illinois corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RCT XPRESS, INC., a California corporation, FAST FLEET SYSTEMS, INC., a Pennsylvania corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. **CIV 462550**<br><br>COMPLAINT FOR DAMAGES<br><br>Jury Trial Demanded |

Plaintiffs St. Paul Fire & Marine Insurance Company and AIT Worldwide Logistics, Inc., allege upon information and belief as follows:

## PARTIES

1.  Plaintiff St. Paul Fire & Marine Insurance Company ("St. Paul") is, and all times mentioned herein was, a corporation organized and existing under the laws of the State of Minnesota, and is authorized to do business in the State of California, and was the insurer of the shipment which is the subject matter of this action. St. Paul has reimbursed, less deductible, its insured, AIT Worldwide Logistics, for the losses set forth herein pursuant to the terms and conditions of the insuring agreement between itself and AIT Worldwide Logistics, and has

Complaint for Damages

1. thereby become subrogated, less deductible, to the rights of AIT Worldwide Logistics, as those rights may appear.

2. Plaintiff AIT Worldwide Logistics ("AIT") is, and at all times mentioned herein was, a corporation organized and existing under the laws of the State of Illinois, and was the shipper of the cargo hereinafter described as a shipment of semi-conductor equipment, insured against loss or damage under a policy of insurance issued by St. Paul herein. AIT has assigned St. Paul its right of recovery against any party responsible for the loss to the extent of the payment by St. Paul herein.

3. Defendant RCT Xpress, Inc., ("RCT Xpress") is, and at all times mentioned herein was, a corporation organized and existing under the Laws of the State of California, and at all times mentioned herein was a provider of transport services and/or a common carrier of goods for hire.

4. Defendant Fast Fleet Systems, Inc. ("Fast Fleet") is, and at all times mentioned herein was, a corporation organized and existing under the Laws of the State of Pennsylvania, and at all times mentioned herein was a provider of transport services and/or a common carrier of goods for hire. Plaintiffs are informed and believe, and thereon allege, that Fast Fleet does business as RCT Xpress and/or is otherwise affiliated with RCT Xpress.

5. Plaintiffs are ignorant of the true names and capacities of Defendants used herein as DOES 1 through 50, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe, and thereon allege, that each of the DOE Defendants is responsible in some manner for the events and happenings herein referred to, and thereby proximately caused the injuries and damages herein alleged.

6. At all times material hereto, Defendants, and each of them, were agents, servants or employees of each Defendant named herein, and at all of said times, each said Defendant was acting within the course and scope of said agency, service or employment.

## JURISDICTION AND VENUE

7. The amount of this claim is in excess of the minimum jurisdictional threshold of this Court. Venue is proper in this County under Code of Civil Procedure Section 395.5 in that Defendant RCT Xpress has its principal place of business in this County.

## GENERAL ALLEGATIONS

8. AIT was retained by Avnet Technology of Tempe, Arizona to transport a shipment of semi-conductor equipment ("cargo") manufactured by AMD Corporation from Menlo Logistics in Fremont to Tempe, Arizona. AIT assigned RCT Xpress to collect the shipment from Fremont and transport it to San Francisco International Airport where it was to be transported, via air, to Phoenix, Arizona.

9. During the course of collecting cargo at multiple locations, the RCT Xpress vehicle was allegedly broken into and a portion of the semi-conductor equipment was stolen.

10. On June 12, 2006, the RCT Xpress driver was scheduled to collect three consignments from Menlo Logistics in Fremont, ICG Corp. in Newark and Modus Link in Newark. The cargo was collected from the first two facilities without incident. It was at the third facility, Modus Link, where the semi-conductor equipment was stolen from the RCT Xpress vehicle.

11. After arriving at Modus Link the driver parked his vehicle with the vehicle backed against the warehouse loading dock and with the rear roll-up door closed and locked on the vehicle. The warehouse roll-up door was also closed.

12. The driver left the locked vehicle and proceeded to the shipping/receiving office where he was required to first check in before receiving cargo. The vehicle is a 24' Bobtail truck with no access to the cargo bay from the cab of the vehicle.

13. While in the shipping/receiving office, the driver was alerted by representatives of Modus Link that cargo was being stolen from his vehicle. Modus Link warehouse personnel saw the suspects when the warehouse roll-up door was opened in order to prepare for loading cargo into the RCT Xpress vehicle.

14. The cargo was never delivered to the consignee, and accordingly AJT suffered damages in the amount of $154,725.00 plus freight charges in the amount of $577.11.

15. Plaintiffs were the receivers, insurers and/or owners of the cargo and bring this action on their own behalf and as agents and trustees of all parties who may be or become interested in said cargo as their respective interest may appear, and Plaintiffs are entitled to bring this action.

16. Plaintiffs have performed all duties and obligations on their part to be performed.

### FIRST CAUSE OF ACTION
(Damage or Injury to Freight)

17. Plaintiffs hereby incorporate by reference each, and every and all of the allegations in paragraphs 1 through 16, inclusive, above, as thought the same were again fully set forth at length herein.

18. In or about June 2006, there was delivered to Defendants RCT Xpress and Fast Fleet semi-conductor equipment suitable in every respect for the intended transit which said Defendants received, accepted and agreed to transport for certain consideration from Menlo Logistics in Fremont to the San Francisco International Airport.

19. As of this date, the cargo has not been delivered, as Defendants, and each of them, permitted said cargo to be stolen and/or lost while in their possession, as alleged herein, or otherwise failed to deliver the cargo to the consignee.

20. The value of the cargo in the condition in which it should have been delivered was $154,725.00.

WHEREFORE, Plaintiffs pray for judgment against the Defendants, and each of them, as hereinafter set forth.

### SECOND CAUSE OF ACTION
(Breach of Contract)

21. Plaintiffs hereby incorporate by reference each, and every and all of the allegations in paragraphs 1 through 20, inclusive, above, as thought the same were again fully set forth at length herein.

22. Plaintiffs are the receivers, insurers and/or owners of the cargo and bring this action on their own behalf and as agents and trustees of all parties who may be or become interested in said cargo as their respective interest may appear, and Plaintiffs are entitled to bring this action.

23. On or about June 12, 2006, in accordance with the agreement between AIT and RCT Xpress, AIT assigned RCT Xpress to collect the cargo from Fremont and transport the cargo to the San Francisco International Airport where it was to be transported, via air, to Phoenix, Arizona.

24. Said cargo was delivered in good order and condition, suitable in every respect for the intended transportation for which Defendants received, accepted and agreed to transport for certain consideration.

25. Defendants, in consideration of reasonable compensation to be paid by AIT, agreed to safely and promptly transport the cargo from Fremont to San Francisco International Airport.

26. AIT has performed all conditions, covenants and promises under the agreement on its part to be performed.

27. Defendants breached the agreement in that Defendants did not safely transport the cargo from Fremont to San Francisco International Airport, as described herein.

28. Plaintiffs have demanded that Defendants reimburse Plaintiffs for the value of the cargo at the time it was stolen. Defendants have refused to reimburse Plaintiffs.

29. As a direct and proximate result of Defendants breach of the agreement, Plaintiffs have suffered damages in the amount of $154,725.00 plus freight charges in the amount of $577.11.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as hereinafter set forth.

## THIRD CAUSE OF ACTION

### (Negligence)

30. Plaintiffs hereby incorporate by reference each, and every and all of the allegations in paragraphs 1 through 29, inclusive, above, as thought the same were again fully set forth at length herein.

31. Plaintiffs are the receivers, insurers and/or owners of the cargo and bring this action on their own behalf and as agents and trustees of all parties who may be or become interested in said cargo as their respective interests may appear, and Plaintiffs are entitled to bring this action.

32. On or about June 12, 2006, there was delivered to Defendants semi-conductor equipment suitable in every aspect for the intended transport which Defendants received, accepted and agreed to transport for certain consideration from Fremont to San Francisco International Airport.

33. Defendants breached their duty of care by negligently and carelessly handling the cargo so as to allow it to be stolen or lost, and further breached and violated their duties as providers of transport services and their obligations as carriers and bailees of said cargo, and were otherwise at fault.

34. As a direct and proximate result of Defendants breach of the agreement, Plaintiffs have suffered damages in the amount of $154,725.00 plus freight charges in the amount of $577.11.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### (Civil Code Section 2194)

35. Plaintiffs hereby incorporate by reference each, and every and all of the allegations in paragraphs 1 through 34, inclusive, above, as thought the same were again fully set forth at length herein.

6
Complaint for Damages

36. At all times material hereto, Defendants held themselves out as inland common carriers of goods for hire, to various destinations, including that set forth above.

37. As of this date, the subject cargo has not been delivered, as Defendants permitted said cargo to be stolen while in its possession, as hereinabove alleged.

38. Plaintiffs have notified Defendants in writing of their claim and demanded reimbursement therefore, but Defendants have failed and refused, and continue to fail and refuse, to reimburse Plaintiffs.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as hereinafter set forth.

### FIFTH CAUSE OF ACTION

(Bailment)

39. Plaintiffs hereby incorporate by reference each, and every and all of the allegations in paragraphs 1 through 38, inclusive, above, as thought the same were again fully set forth at length herein.

40. Defendants were in the business of, among other things, providing transportation services to the general public. Defendants were hired by Plaintiffs and owed a duty to Plaintiffs to safeguard and transport the aforementioned cargo.

41. AIT was retained by Avnet Technology of Tempe, Arizona to transport a shipment of semi-conductor equipment ("cargo") manufactured by AMD Corporation from Menlo Logistics in Fremont to Tempe, Arizona. AIT assigned RCT Xpress to collect the shipment from Fremont and transport it to San Francisco International Airport where it was to be transported, via air, to Phoenix, Arizona.

42. On June 12, 2006, the RCT Xpress driver was scheduled to collect three consignments from Menlo Logistics in Fremont, ICG Corp. in Newark and Modus Link in Newark. The cargo was collected from the first two facilities without incident. It was at the third facility, Modus Link, where the semi-conductor equipment was stolen from the RCT Xpress vehicle.

43. The theft of Plaintiffs' cargo was directly and proximately caused by the acts and/or omissions of Defendants, and each of them, in violation of their statutory and common law duties and obligations as bailees to safely care for the cargo and take adequate precautions in securing and safeguarding the cargo from loss, damage and theft.

44. As a direct and proximate result of Defendants' failure to take reasonable steps to adequately secure the cargo, Plaintiffs have suffered damages in the amount of $154,725.00 plus freight charges in the amount of $577.11.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1. For the value of the stolen cargo in the amount of $154,725, including interest thereon at the highest legal rate;

2. For incidental and consequential damages according to proof;

3. For costs of suit incurred herein;

4. For freight charges in the amount of $577.11; and

5. For such other and further relief as the Court may deem proper.

Date: April 25, 2007

BROWN & ASSOCIATES, PLC

By: _____
ADAM C. BROWN
JANET K. HAINES
Attorneys for Plaintiffs
ST. PAUL FIRE & MARINE
INSURANCE CO. and
AIT WORLDWIDE LOGISTICS, INC.

BY FPK

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
RCT XPRESS, INC., a California corporation, FAST FLEET SYSTEMS, INC., a Pennsylvania corporation, and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ST. PAUL FIRE & MARINE INSURANCE COMPANY, a Minnesota corporation; and AIT WORLDWIDE LOGISTICS, INC., an Illinois corporation

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**ENDORSED FILED**
**SAN MATEO COUNTY**
**APR 26 2007**

Clerk of the Superior Court
By _M. Javillonar_
DEPUTY CLERK

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante...*

**CASE NUMBER:** **CIV 462550**

The name and address of the court is:
SAN MATEO COUNTY SUPERIOR COURT
400 County Center
Redwood City, CA 94063

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
ADAM C. BROWN (SBN 161951)/JANET K. HAINES (SBN 242374)    916-859-4910
BROWN & ASSOCIATES, PLC  11140 Fair Oaks Boulevard, Suite 100, Fair Oaks, CA 95628

DATE: **APR 26 2007**  JOHN C. FITTON, Clerk, by _M. JAVILLONAR_, Deputy

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant
2. ☐ as the person sued under the fictitious name of (specify):
3. ☐ on behalf of (specify):
   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):
ADAM C. BROWN (SBN 161995) / JANET K. HAINES (SBN 242374)
BROWN & ASSOCIATES, PLC
11140 Fair Oaks Blvd., Suite 100, Fair Oaks, CA 95628
Fair Oaks, CA 95628
TELEPHONE NO.: 916-859-4910    FAX NO.: 916-859-4910
ATTORNEY FOR (Name): Plaintiffs ST. PAUL FIRE & MARINE, et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City 94063
BRANCH NAME:

CASE NAME:
ST. PAUL FIRE & MARINE, ET AL. v. RCT EXPRESS, INC., et al.

**FOR COURT USE ONLY**

RECEIVED
APR 26 2007
CLERK OF THE SUPERIOR COURT
SAN MATEO COUNTY

BY FAX

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CIV 462550 |
|---|---|---|
| ☒ Unlimited  ☐ Limited (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☒ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. ☒ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive

4. Number of causes of action (specify): Five
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 25, 2007
JANET K. HAINES
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

CIVIL CASE COVER SHEET

# NOTICE OF CASE MANAGEMENT CONFERENCE

St. Paul Fire & M_____ Case No. **CIV 462550**

ENDORSED FILED
SAN MATEO COUNTY
APR 26 2007
Clerk of the Superior Court
By M. Joy_____
Deputy Clerk

vs.

RCT Xpress Inc.

Date: AUG 2 8 2007
Time: 9:00 a.m.
Dept. 2 – on Tuesday & Friday
Dept. 8 – on Wednesday & Thursday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1. In accordance with applicable California Rules of Court and Local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:
   a. Serve all named defendants and file proofs of service on those defendants with the court within 60 days of filing the complaint (CRC 3.110).
   b. Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action.
   c. File and serve a completed Case Management Statement at least 15 days before the Case Management Conference [CRC 3.725]. Failure to do so may result in monetary sanctions.
   d. Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 days before the date set for the Case Management Conference.

2. **If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order To Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.**

3. Continuances of case management conferences are highly disfavored unless good cause is shown.
4. Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation To ADR and Proposed Order (see attached form.). If plaintiff files a Stipulation To ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a completed stipulation to another ADR process (e.g., mediation) 10 days prior to the first scheduled case management conference, the case management conference will be continued for 90 days to allow parties time to complete their ADR session. The court will notify parties of their new case management conference date.
5. If you have filed a default or a judgment has been entered, your case is not automatically taken off the Case Management Conference Calendar. If "Does", "Roes", etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.
6. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.
7. The Case Management judge will issue orders at the conclusion of the conference that may include:
   a. Referring parties to voluntary ADR and setting an ADR completion date;
   b. Dismissing or severing claims or parties;
   c. Setting a trial date.
8. The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court website at www.sanmateocourt.org.

* Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least 5 business days prior to the scheduled conference (see attached CourtCall information).

## PROOF OF SERVICE - CCP §§ 1013a, 2015.5

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 707 Wilshire Boulevard, 45th Floor, Los Angeles, CA 90017-3609.

On the date set forth below, I served the foregoing document described as follows: **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (FEDERAL QUESTION)** on the interested parties in this action by placing ___ the original/ _X_ a true copy thereof enclosed in a sealed envelope(s) addressed as follows:

Adam C. Brown, Esq.
Janet K. Haines, Esq.
Brown & Associates
A Professional Law Corporation
11140 Fair Oaks Blvd., Suite 100
Fair Oaks, CA 95628

[X] **BY MAIL:** I deposited such envelopes in the mail at Los Angeles, California. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.

[ ] **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the offices of the addressee(s).

[ ] **BY FEDEX:** I caused such envelopes to be served via FedEx. I am readily familiar with the firm's practice of collection and processing of correspondence for FedEx. Under that practice it would be deposited in a box or other facility regularly maintained by FedEx for next day delivery.

[ ] **BY FACSIMILE MACHINE:** The foregoing document was transmitted to the attached named person(s) by facsimile transmission from (213) 943-6101 on said date and the transmission was reported as complete and without error.

[ ] **BY ELECTRONIC TRANSMISSION:** The foregoing document was transmitted via electronic mail to the addressee(s), at the e-mail address(es) indicated on the attached service list.

[ ] (STATE) I declare under penalty of perjury that the foregoing is true and correct.

[X] (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on May 25, 2007, at Los Angeles, California.

_____
Desiree Caudillo

4
NOTICE OF REMOVAL