DONGELL LAWRENCE FINNEY LLP
HILLARY ARROW BOOTH, SBN 125936
(hbooth@dlflawyers.com)
PAUL D. RASMUSSEN, SBN 201680
(prasmussen@dlflawyers.com)
707 Wilshire Boulevard, 45th Floor
Los Angeles, CA 90017-3609
Telephone: (213) 943-6100
Facsimile: (213) 943-6101

ORIGINAL
FILED

MAY 25 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

Attorneys for Defendants
RCT XPRESS, INC. and
FAST FLEET SYSTEMS, INC.

E-filing

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST. PAUL FIRE & MARINE INSURANCE COMPANY, a Minnesota corporation; and AIT WORLDWIDE LOGISTICS, INC., an Illinois corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>RCT XPRESS, INC., a California corporation, FAST FLEET SYSTEMS, INC., a Pennsylvania corporation, and DOES 1 through 50, Inclusive,<br><br>        Defendants. | Case No.: C07-02772  SI<br><br>CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT |

Desiree Caudillo certifies and declares as follows:

I am over the age of 18 years and not a party to this action.

My business address is 707 Wilshire Boulevard, 45th Floor, Los Angeles, CA 90017-3609, which is located in the city, county and state where the mailing described below took place.

On May 25, 2007, I deposited in the United States Mail at Los Angeles, California, a copy of the Notice to Adverse Party of Removal to Federal Court dated, May 25, 2007, a copy of which is attached to this Certificate.

1

CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTY OF
REMOVAL TO FEDERAL COURT

1     I declare under penalty of perjury that the foregoing is true and

2  correct.

3     Executed on May 25, 2007.

4

5

6                              _____
                               Desiree Caudillo
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTY OF
REMOVAL TO FEDERAL COURT

# EXHIBIT A

1  DONGELL LAWRENCE FINNEY LLP
   HILLARY ARROW BOOTH, SBN 125936
2  PAUL D. RASMUSSEN, SBN 201680
   707 Wilshire Boulevard, 45th Floor
3  Los Angeles, CA  90017-3609
   Telephone:  (213) 943-6100
4  Facsimile:  (213) 943-6101

5  Attorneys for Defendants
   RCT XPRESS, INC. and
6  FAST FLEET SYSTEMS, INC.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF SAN MATEO

10

11  ST. PAUL FIRE & MARINE INSURANCE          Case No.:  CIV 462550
    COMPANY, a Minnesota corporation; and AIT
12  WORLDWIDE LOGISTICS, INC., an Illinois    Honorable Beth Freeman
    corporation,                             Department 3
13
                 Plaintiff,
14
          v.                                 **NOTICE TO ADVERSE PARTY OF
15                                           REMOVAL TO FEDERAL COURT**
    RCT XPRESS, INC., a California corporation,
16  FAST FLEET SYSTEMS, INC., a Pennsylvania
    corporation, and DOES 1 through 50, Inclusive,
17
                 Defendants.
18

19

20  TO PLAINTIFFS AND ITS ATTORNEYS OF RECORD:

21          PLEASE TAKE NOTICE that RCT XPRESS, INC. and FAST FLEET

22  SYSTEMS, INC., the named defendants in the above-entitled action filed a Notice of Removal

23  in the United States District Court for the Northern District of California on May 25, 2007.  A

24  copy of the said Notice of Removal is attached hereto as Exhibit "A."

25

26  DATED:  May 25, 2007                    DONGELL LAWRENCE FINNEY LLP

27
                                           By: 
28
                                               Hillary Arrow Booth
                                               Attorneys for RCT XPRESS, INC. and
                                               FAST FLEET SYSTEMS, INC

                                      1

              NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT

# EXHIBIT A

1  DONGELL LAWRENCE FINNEY LLP
   HILLARY ARROW BOOTH, SBN 125936
2  (hbooth@dlflawyers.com)
   PAUL D. RASMUSSEN, SBN 201680
3  (prasmussen@dlflawyers.com)
   707 Wilshire Boulevard, 45th Floor
4  Los Angeles, CA  90017-3609
   Telephone:  (213) 943-6100
5  Facsimile:  (213) 943-6101

6  Attorneys for Defendants
   RCT XPRESS, INC. and
7  FAST FLEET SYSTEMS, INC.

8                  UNITED STATES DISTRICT COURT

9         FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  ST. PAUL FIRE & MARINE             Case No.:
    INSURANCE COMPANY, a Minnesota
12  corporation; and AIT WORLDWIDE
    LOGISTICS, INC., an Illinois
13  corporation,

14             Plaintiff,               NOTICE OF REMOVAL OF
                                        ACTION UNDER 28 U.S.C. §
                                        1441(b) (FEDERAL QUESTION)
15       v.

16  RCT XPRESS, INC., a California
    corporation, FAST FLEET SYSTEMS,
17  INC., a Pennsylvania corporation, and
    DOES 1 through 50, Inclusive,
18
               Defendants.
19

20

21  TO:   THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
22        DISTRICT OF CALIFORNIA

23        The removing parties, RCT XPRESS, INC. and FAST FLEET

24  SYSTEMS, INC. (collectively, the "Defendants"), submit that:

25        1.    The Defendants are parties to an action filed in the Superior

26  Court of California, County of San Mateo, as Case No. CIV 462550, on April 26,

27  2007, (the "Lawsuit") and was served on Defendants on April 30, 2006.  A true

28

                                    1
                            NOTICE OF REMOVAL

1   and correct copy of the Complaint in that action (the "Complaint") is attached

2   hereto as Exhibit "A."

3         2.     Defendant RCT Xpress, Inc. is a California corporation with its

4   principal place of business in Burlingame, California.

5         3.     Defendant Fast Fleet Systems, Inc. is a New Jersey corporation.

6         4.     The defendants listed in the Complaint as "DOES 1 through

7   20" are unknown to the Defendants.

8         JURISDICTION

9         5.     The Defendants have grounds to remove the Lawsuit based

10  upon the pleading of a federal question.  Defendants are in the business of

11  providing trucking services.  Plaintiff AIT Worldwide Logistics, Inc. hired

12  Defendant RCT Xpress, Inc. to transport a shipment of semi-conductor equipment

13  ("cargo") from Fremont, California to San Francisco International Airport, where it

14  was to be transported, via air, to Phoenix, Arizona.  In the Complaint, Plaintiffs

15  plead five causes of action: (1) damage or injury to freight; (2) breach of contract;

16  (3) negligence; (4) California Civil Code Section 2194; and (5) bailment, and seeks

17  compensatory and consequential damages based on the Defendants' alleged failure

18  to adequately secure the cargo.  Where multiple carriers are responsible for

19  different legs of a continuous shipment where the intended destination at the time

20  of the shipment is another state, the liability of Defendants, if any, is governed by

21  49 U.S.C. § 14706 et seq. (the "Carmack Amendment").  The Carmack

22  Amendment applies throughout the entire portion of shipment taking place within

23  the United States, including intrastate legs of shipment.  See Project Hope v. M/V

24  Ibn Sina, 250 F.3d 67, 75 (CA2 NY 2001).  The Carmack Amendment preempts

25  all state and common law claims and provides the sole and exclusive remedy to

26  shippers for loss or damage in interstate transit.  See Hughes Aircraft v. North

27  American Van Lines, 970 F.2d 609, 613 (9th Cir. 1992); See Adams Express Co.

28  v. Croninger, 226 U.S. 491, 505-506 (1913).

NOTICE OF REMOVAL

6.      This Court has original jurisdiction of the Lawsuit pursuant to 28 U.S.C. § 1331 in that a federal question is involved, and the action may, therefore be removed to this Court pursuant to 28 U.S.C. § 1441.

**INTRADISTRICT ASSIGNMENT**

7.      This Lawsuit arises in either Alameda County (where the cargo was picked up and stolen) or San Mateo County (where Defendant RCT Xpress is located) and should be assigned to the San Francisco Division or the Oakland Division of the United States District Court for the Northern District of California pursuant to Northern District Civil Local Rules 3-2(c) and 3-2 (d).

WHEREFORE, the Defendants pray that the Lawsuit be removed from the Superior Court of California, County of San Mateo to the United States District Court for the Northern District of California.

DATED: May 25, 2007             DONGELL LAWRENCE FINNEY LLP

By: _Hillary Arrow Booth_
         Hillary Arrow Booth
         Attorneys for RCT XPRESS, INC. and
         FAST FLEET SYSTEMS, INC.

NOTICE OF REMOVAL

# EXHIBIT A

1 ADAM C. BROWN (SBN 161951)
2 JANET K. HAINES (SBN 242374)
BROWN & ASSOCIATES
3 A Professional Law Corporation
11140 Fair Oaks Boulevard, Suite 100
Fair Oaks, CA 95628
4 Telephone: (916) 859-4910
Facsimile: (916) 859-4911
5
Attorneys for Plaintiffs
6 St. Paul Fire & Marine Insurance Company and
AIT Worldwide Logistics, Inc.
7

**ENDORSED FILED**
SAN MATEO COUNTY

APR 2 6 2007

Clerk of the Superior Court
By: M. Javillener
DEPUTY CLERK

8          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              IN AND FOR THE COUNTY OF SAN MATEO

10

11 ST. PAUL FIRE & MARINE INSURANCE )   CASE NO.   CIV 4 6 2 5 5 0
   COMPANY, a Minnesota corporation, and )
12 AIT WORLDWIDE LOGISTICS, INC., an )       COMPLAINT FOR DAMAGES
   Illinois corporation, )
13                                 )
                    Plaintiffs, )
14                                 )           Jury Trial Demanded
   v. )
15                                 )
   RCT XPRESS, INC., a California )
16 corporation, FAST FLEET SYSTEMS, INC., )
   a Pennsylvania corporation, and DOES 1 )
17 through 50, inclusive, )
                                   )
18                  Defendants. )

19

20          Plaintiffs St. Paul Fire & Marine Insurance Company and AIT Worldwide Logistics, Inc.,

21 allege upon information and belief as follows:

22                                 **PARTIES**

23          1.      Plaintiff St. Paul Fire & Marine Insurance Company ("St. Paul") is, and all times

24 mentioned herein was, a corporation organized and existing under the laws of the State of

25 Minnesota, and is authorized to do business in the State of California, and was the insurer of the

26 shipment which is the subject matter of this action. St. Paul has reimbursed, less deductible, its

27 insured, AIT Worldwide Logistics, for the losses set forth herein pursuant to the terms and

28 conditions of the insuring agreement between itself and AIT Worldwide Logistics, and has

                                **Complaint for Damages**

1  thereby become subrogated, less deductible, to the rights of AIT Worldwide Logistics, as those

2  rights may appear.

3      2.     Plaintiff AIT Worldwide Logistics ("AIT") is, and at all times mentioned herein

4  was, a corporation organized and existing under the laws of the State of Illinois, and was the

5  shipper of the cargo hereinafter described as a shipment of semi-conductor equipment, insured

6  against loss or damage under a policy of insurance issued by St. Paul herein.  AIT has assigned

7  St. Paul its right of recovery against any party responsible for the loss to the extent of the

8  payment by St. Paul herein.

9      3.     Defendant RCT Xpress, Inc., ("RCT Xpress") is, and at all times mentioned

10  herein was, a corporation organized and existing under the Laws of the State of California, and at

11  all times mentioned herein was a provider of transport services and/or a common carrier of goods

12  for hire.

13      4.     Defendant Fast Fleet Systems, Inc. ("Fast Fleet") is, and at all times mentioned

14  herein was, a corporation organized and existing under the Laws of the State of Pennsylvania,

15  and at all times mentioned herein was a provider of transport services and/or a common carrier of

16  goods for hire.   Plaintiffs are informed and believe, and thereon allege, that Fast Fleet does

17  business as RCT Xpress and/or is otherwise affiliated with RCT Xpress.

18      5.     Plaintiffs are ignorant of the true names and capacities of Defendants used herein

19  as DOES 1 through 50, inclusive, and therefore sue these Defendants by such fictitious names.

20  Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.

21  Plaintiffs are informed and believe, and thereon allege, that each of the DOE Defendants is

22  responsible in some manner for the events and happenings herein referred to, and thereby

23  proximately caused the injuries and damages herein alleged.

24      6.     At all times material hereto, Defendants, and each of them, were agents, servants

25  or employees of each Defendant named herein, and at all of said times, each said Defendant was

26  acting within the course and scope of said agency, service or employment.

27

28

2

## JURISDICTION AND VENUE

7.    The amount of this claim is in excess of the minimum jurisdictional threshold of this Court. Venue is proper in this County under Code of Civil Procedure Section 395.5 in that Defendant RCT Xpress has its principal place of business in this County.

## GENERAL ALLEGATIONS

8.    AIT was retained by Avnet Technology of Tempe, Arizona to transport a shipment of semi-conductor equipment ("cargo") manufactured by AMD Corporation from Menlo Logistics in Fremont to Tempe, Arizona. AIT assigned RCT Xpress to collect the shipment from Fremont and transport it to San Francisco International Airport where it was to be transported, via air, to Phoenix, Arizona.

9.    During the course of collecting cargo at multiple locations, the RCT Xpress vehicle was allegedly broken into and a portion of the semi-conductor equipment was stolen.

10.    On June 12, 2006, the RCT Xpress driver was scheduled to collect three consignments from Menlo Logistics in Fremont, ICG Corp. in Newark and Modus Link in Newark. The cargo was collected from the first two facilities without incident. It was at the third facility, Modus Link, where the semi-conductor equipment was stolen from the RCT Xpress vehicle.

11.    After arriving at Modus Link the driver parked his vehicle with the vehicle backed against the warehouse loading dock and with the rear roll-up door closed and locked on the vehicle. The warehouse roll-up door was also closed.

12.    The driver left the locked vehicle and proceeded to the shipping/receiving office where he was required to first check in before receiving cargo. The vehicle is a 24' Bobtail truck with no access to the cargo bay from the cab of the vehicle.

13.    While in the shipping/receiving office, the driver was alerted by representatives of Modus Link that cargo was being stolen from his vehicle. Modus Link warehouse personnel saw the suspects when the warehouse roll-up door was opened in order to prepare for loading cargo into the RCT Xpress vehicle.

3

Complaint for Damages

1   14.   The cargo was never delivered to the consignee, and accordingly AJT suffered

2   damages in the amount of $154,725.00 plus freight charges in the amount of $577.11.

3   15.   Plaintiffs were the receivers, insurers and/or owners of the cargo and bring this

4   action on their own behalf and as agents and trustees of all parties who may be or become

5   interested in said cargo as their respective interest may appear, and Plaintiffs are entitled to bring

6   this action.

7   16.   Plaintiffs have performed all duties and obligations on their part to be performed.

8   ### FIRST CAUSE OF ACTION

9   **(Damage or Injury to Freight)**

10   17.   Plaintiffs hereby incorporate by reference each, and every and all of the

11   allegations in paragraphs 1 through 16, inclusive, above, as thought the same were again fully set

12   forth at length herein.

13   18.   In or about June 2006, there was delivered to Defendants RCT Xpress and Fast

14   Fleet semi-conductor equipment suitable in every respect for the intended transit which said

15   Defendants received, accepted and agreed to transport for certain consideration from Menlo

16   Logistics in Fremont to the San Francisco International Airport.

17   19.   As of this date, the cargo has not been delivered, as Defendants, and each of them,

18   permitted said cargo to be stolen and/or lost while in their possession, as alleged herein, or

19   otherwise failed to deliver the cargo to the consignee.

20   20.   The value of the cargo in the condition in which it should have been delivered was

21   $154,725.00.

22   WHEREFORE, Plaintiffs pray for judgment against the Defendants, and each of them, as

23   hereinafter set forth.

24   ### SECOND CAUSE OF ACTION

25   **(Breach of Contract)**

26   21.   Plaintiffs hereby incorporate by reference each, and every and all of the

27   allegations in paragraphs 1 through 20, inclusive, above, as thought the same were again fully set

28   forth at length herein.

4

**Complaint for Damages**

22.     Plaintiffs are the receivers, insurers and/or owners of the cargo and bring this action on their own behalf and as agents and trustees of all parties who may be or become interested in said cargo as their respective interest may appear, and Plaintiffs are entitled to bring this action.

23.     On or about June 12, 2006, in accordance with the agreement between AIT and RCT Xpress, AIT assigned RCT Xpress to collect the cargo from Fremont and transport the cargo to the San Francisco International Airport where it was to be transported, via air, to Phoenix, Arizona.

24.     Said cargo was delivered in good order and condition, suitable in every respect for the intended transportation for which Defendants received, accepted and agreed to transport for certain consideration.

25.     Defendants, in consideration of reasonable compensation to be paid by AIT, agreed to safely and promptly transport the cargo from Fremont to San Francisco International Airport.

26.     AIT has performed all conditions, covenants and promises under the agreement on its part to be performed.

27.     Defendants breached the agreement in that Defendants did not safely transport the cargo from Fremont to San Francisco International Airport, as described herein.

28.     Plaintiffs have demanded that Defendants reimburse Plaintiffs for the value of the cargo at the time it was stolen. Defendants have refused to reimburse Plaintiffs.

29.     As a direct and proximate result of Defendants breach of the agreement, Plaintiffs have suffered damages in the amount of $154,725.00 plus freight charges in the amount of $577.11.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as hereinafter set forth.

## THIRD CAUSE OF ACTION

### (Negligence)

30.   Plaintiffs hereby incorporate by reference each, and every and all of the allegations in paragraphs 1 through 29, inclusive, above, as thought the same were again fully set forth at length herein.

31.   Plaintiffs are the receivers, insurers and/or owners of the cargo and bring this action on their own behalf and as agents and trustees of all parties who may be or become interested in said cargo as their respective interests may appear, and Plaintiffs are entitled to bring this action.

32.   On or about June 12, 2006, there was delivered to Defendants semi-conductor equipment suitable in every aspect for the intended transport which Defendants received, accepted and agreed to transport for certain consideration from Fremont to San Francisco International Airport.

33.   Defendants breached their duty of care by negligently and carelessly handling the cargo so as to allow it to be stolen or lost, and further breached and violated their duties as providers of transport services and their obligations as carriers and bailees of said cargo, and were otherwise at fault.

34.   As a direct and proximate result of Defendants breach of the agreement, Plaintiffs have suffered damages in the amount of $154,725.00 plus freight charges in the amount of $577.11.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### (Civil Code Section 2194)

35.   Plaintiffs hereby incorporate by reference each, and every and all of the allegations in paragraphs 1 through 34, inclusive, above, as thought the same were again fully set forth at length herein.

6

Complaint for Damages

36.    At all times material hereto, Defendants held themselves out as inland common carriers of goods for hire, to various destinations, including that set forth above.

37.    As of this date, the subject cargo has not been delivered, as Defendants permitted said cargo to be stolen while in its possession, as hereinabove alleged.

38.    Plaintiffs have notified Defendants in writing of their claim and demanded reimbursement therefore, but Defendants have failed and refused, and continue to fail and refuse, to reimburse Plaintiffs.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### (Bailment)

39.    Plaintiffs hereby incorporate by reference each, and every and all of the allegations in paragraphs 1 through 38, inclusive, above, as thought the same were again fully set forth at length herein.

40.    Defendants were in the business of, among other things, providing transportation services to the general public.  Defendants were hired by Plaintiffs and owed a duty to Plaintiffs to safeguard and transport the aforementioned cargo.

41.    AIT was retained by Avnet Technology of Tempe, Arizona to transport a shipment of semi-conductor equipment ("cargo") manufactured by AMD Corporation from Menlo Logistics in Fremont to Tempe, Arizona.  AIT assigned RCT Xpress to collect the shipment from Fremont and transport it to San Francisco International Airport where it was to be transported, via air, to Phoenix, Arizona.

42.    On June 12, 2006, the RCT Xpress driver was scheduled to collect three consignments from Menlo Logistics in Fremont, ICG Corp. in Newark and Modus Link in Newark.  The cargo was collected from the first two facilities without incident.  It was at the third facility, Modus Link, where the semi-conductor equipment was stolen from the RCT Xpress vehicle.

43. The theft of Plaintiffs' cargo was directly and proximately caused by the acts and/or omissions of Defendants, and each of them, in violation of their statutory and common law duties and obligations as bailees to safely care for the cargo and take adequate precautions in securing and safeguarding the cargo from loss, damage and theft.

44. As a direct and proximate result of Defendants' failure to take reasonable steps to adequately secure the cargo, Plaintiffs have suffered damages in the amount of $154,725.00 plus freight charges in the amount of $577.11.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1. For the value of the stolen cargo in the amount of $154,725, including interest thereon at the highest legal rate;

2. For incidental and consequential damages according to proof;

3. For costs of suit incurred herein;

4. For freight charges in the amount of $577.11; and

5. For such other and further relief as the Court may deem proper.

Date: April 25, 2007                    BROWN & ASSOCIATES, PLC


                                        By: _____
                                           ADAM C. BROWN
                                           JANET K. HAINES
                                           Attorneys for Plaintiffs
                                           ST. PAUL FIRE & MARINE
                                           INSURANCE CO. and
                                           AIT WORLDWIDE LOGISTICS, INC.

8
**Complaint for Damages**

04/25/2007 WED 13:39 FAX                                                    Ø003/011

BY FAX

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
RCT XPRESS, INC., a California corporation, FAST FLEET
SYSTEMS, INC., a Pennsylvania corporation, and DOES 1 through 50,
inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
ST. PAUL FIRE & MARINE INSURANCE COMPANY, a Minnesota
corporation; and AIT WORLDWIDE LOGISTICS, INC., an Illinois
corporation

```
FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED FILED
SAN MATEO COUNTY

APR 2 6 2007

Clerk of the Superior Court
By    M. JAVILLONAR
         DEPUTY CLERK
```

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SAN MATEO COUNTY SUPERIOR COURT<br>400 County Center<br>Redwood City, CA 94063 | CASE NUMBER:<br>*(Número del Caso):*<br>CIV 46 2550 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ADAM G. BROWN (SBN 161951) JANET K. HAINES (SBN 242374)          916-859-4910
BROWN & ASSOCIATES, PLC   11140 Fair Oaks Boulevard, Suite 160, Fair Oaks, CA 95628

| DATE:<br>*(Fecha)* | APR 2 6 2007 | JOHN C. FITTON Clerk, by | M. JAVILLONAR | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

04/25/2007 WED 13:32 FAX @002/011

BY FAX

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| ADAM C. BROWN (SBN 16193) JANET K. HAINES (SBN 242174) BROWN & ASSOCIATES, PLC 1 1140 Fair Oaks Blvd., Suite 100, Fair Oaks, CA 95628 Fair Oaks, CA 95628 TELEPHONE NO.: 916-859-4910 FAX NO.: 916-859-4910 ATTORNEY FOR (Name): Plaintiffs ST. PAUL FIRE & MARINE, et al. | RECEIVED APR 2 6 2007 CLERK OF THE SUPERIOR COURT SAN MATEO COUNTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City 94063
BRANCH NAME:

CASE NAME:
ST. PAUL FIRE & MARINE, ET AL. v. RCT EXPRESS, INC., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: CIV 46 2550 |
|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive

4. Number of causes of action (specify): Five

5. This case ☐ is ☑ is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 25, 2007

JANET K. HAINES
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403;
Cal. Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

## NOTICE OF CASE MANAGEMENT CONFERENCE

St. Paul Fire & M

ENDORSED FILED
SAN MATEO COUNTY
APR 26 2007
Clerk of the Superior Court
By M. Jimenez
DEPUTY CLERK

Case No. **CIV 46 3550**

vs.

RCT Xpress Inc.

Date: **AUG 2 3 2007**

Time: 9:00 a.m.

Dept. 2 — on Tuesday & Friday
Dept. 3 — on Wednesday & Thursday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1. In accordance with applicable California Rules of Court and Local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:
   a. Serve all named defendants and file proofs of service on those defendants with the court within 60 days of filing the complaint (CRC 3.110).
   b. Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action.
   c. File and serve a completed Case Management Statement at least 15 days before the Case Management Conference [CRC 3.725]. Failure to do so may result in monetary sanctions.
   d. Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 days before the date set for the Case Management Conference.

2. If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order To Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.

3. Continuances of case management conferences are highly disfavored unless good cause is shown.

4. Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation To ADR and Proposed Order (see attached form.). If plaintiff files a Stipulation To ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a completed stipulation to another ADR process (e.g., mediation) 10 days prior to the first scheduled case management conference, the case management conference will be continued for 90 days to allow parties time to complete their ADR session. The court will notify parties of their new case management conference date.

5. If you have filed a default or a judgment has been entered, your case is not automatically taken off the Case Management Conference Calendar. If "Does", "Roes", etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.

6. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

7. The Case Management judge will issue orders at the conclusion of the conference that may include:
   a. Referring parties to voluntary ADR and setting an ADR completion date;
   b. Dismissing or severing claims or parties;
   c. Setting a trial date.

8. The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court website at
www.sanmateocourt.org.

* Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least 5 business days prior to the scheduled conference (see attached CourtCall information).

1

## PROOF OF SERVICE - CCP §§ 1013a, 2015.5

2

3              I am employed in the County of Los Angeles, State of California. I
am over the age of 18 and not a party to the within action; my business address is
707 Wilshire Boulevard, 45th Floor, Los Angeles, CA 90017-3609.

4

5              On the date set forth below, I served the foregoing document
described as follows: **NOTICE OF REMOVAL OF ACTION UNDER 28
U.S.C. § 1441(b) (FEDERAL QUESTION)** on the interested parties in this action
by placing ___ the original/ X a true copy thereof enclosed in a sealed
envelope(s) addressed as follows:

6

7

8    Adam C. Brown, Esq.
Janet K. Haines, Esq.
Brown & Associates

9    A Professional Law Corporation
11140 Fair Oaks Blvd., Suite 100

10   Fair Oaks, CA 95628

11   [ X ]  **BY MAIL:** I deposited such envelopes in the mail at Los Angeles,
California. I am readily familiar with the firm's practice of collection and

12   processing of correspondence for mailing. Under that practice it would be
deposited with the U.S. Postal Service on that same day with postage thereon fully

13   prepaid at Los Angeles, California, in the ordinary course of business.

14   [  ]  **BY PERSONAL SERVICE:** I caused such envelope to be delivered by
hand to the offices of the addressee(s).

15

16   [  ]  **BY FEDEX:** I caused such envelopes to be served via FedEx. I am readily
familiar with the firm's practice of collection and processing of correspondence for
FedEx. Under that practice it would be deposited in a box or other facility

17   regularly maintained by FedEx for next day delivery.

18   [  ]  **BY FACSIMILE MACHINE:** The foregoing document was transmitted to
the attached named person(s) by facsimile transmission from (213) 943-6101 on

19   said date and the transmission was reported as complete and without error.

20   [  ]  **BY ELECTRONIC TRANSMISSION:** The foregoing document was
transmitted via electronic mail to the addressee(s), at the e-mail address(es)

21   indicated on the attached service list.

22   [  ]  (STATE) I declare under penalty of perjury that the foregoing is true and
correct.

23

24   [X]  (FEDERAL) I declare that I am employed in the office of a member of the
bar of this court at whose direction the service was made.

25              I declare under penalty of perjury under the laws of the State of
California that the foregoing is true and correct and that this declaration was

26   executed on May 25, 2007, at Los Angeles, California.

27   _____
Desiree Caudillo

28

4

NOTICE OF REMOVAL

**PROOF OF SERVICE - CCP §§ 1013a, 2015.5**

1

2              I am employed in the County of Los Angeles, State of California. I am over the
age of 18 and not a party to the within action; my business address is 707 Wilshire Boulevard,
3   45th Floor, Los Angeles, CA 90017-3609.

4

5              On the date set forth below, I served the foregoing document described as
follows: **NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT** on the
interested parties in this action by placing ___ the original/ __X__ a true copy thereof enclosed in
6   a sealed envelope(s) addressed as follows:

7   Adam C. Brown, Esq.
Janet K. Haines, Esq.
8   Brown & Associates
A Professional Law Corporation
9   11140 Fair Oaks Blvd., Suite 100
Fair Oaks, CA 95628
10

11  [ X ]   **BY MAIL**  I deposited such envelopes in the mail at Los Angeles, California. I am
readily familiar with the firm's practice of collection and processing of correspondence
12          for mailing. Under that practice it would be deposited with the U.S. Postal Service on
that same day with postage thereon fully prepaid at Los Angeles, California, in the
13          ordinary course of business.

14  [   ]   **BY PERSONAL SERVICE**  I caused such envelope to be delivered by hand to the
offices of the addressee(s).
15

16  [   ]   **BY FEDEX**  I caused such envelopes to be served via FedEx. I am readily familiar with
the firm's practice of collection and processing of correspondence for FedEx. Under that
17          practice it would be deposited in a box or other facility regularly maintained by FedEx
for next day delivery.
18

19  [   ]   **BY FACSIMILE MACHINE**:  The foregoing document was transmitted to the attached
named person(s) by facsimile transmission from (213) 943-6101 on said date and the
20          transmission was reported as complete and without error.

21

22  [X]   **(STATE)**  I declare under penalty of perjury that the foregoing is true and correct.

23  [   ]   **(FEDERAL)**   I declare that I am employed in the office of a member of the bar of this
court at whose direction the service was made.
24

25              I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct and that this declaration was executed on May 25, 2007, at Los
26  Angeles, California.

27                                                            _____
Desiree Caudillo
28

2

NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT

# PROOF OF SERVICE - CCP §§ 1013a, 2015.5

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 707 Wilshire Boulevard, 45th Floor, Los Angeles, CA 90017-3609.

On the date set forth below, I served the foregoing document described as follows: **CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT** on the interested parties in this action by placing ___ the original/ X a true copy thereof enclosed in a sealed envelope(s) addressed as follows:

Adam C. Brown, Esq.
Janet K. Haines, Esq.
Brown & Associates
A Professional Law Corporation
11140 Fair Oaks Blvd., Suite 100
Fair Oaks, CA 95628

[ X ]  **BY MAIL** I deposited such envelopes in the mail at Los Angeles, California.  I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.

[   ]  **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the offices of the addressee(s).

[   ]  **BY FEDEX:** I caused such envelopes to be served via FedEx.  I am readily familiar with the firm's practice of collection and processing of correspondence for FedEx.  Under that practice it would be deposited in a box or other facility regularly maintained by FedEx for next day delivery.

[   ]  **BY FACSIMILE MACHINE:** The foregoing document was transmitted to the attached named person(s) by facsimile transmission from (213) 943-6101 on said date and the transmission was reported as complete and without error.

[   ]  **BY ELECTRONIC TRANSMISSION:** The foregoing document was transmitted via electronic mail to the addressee(s), at the e-mail address(es) indicated on the attached service list.

[ ]  (STATE) I declare under penalty of perjury that the foregoing is true and correct.

[X]  (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on May 25, 2007, at Los Angeles, California.

_____
Desiree Caudillo

3

CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTY OF
REMOVAL TO FEDERAL COURT