DONGELL LAWRENCE FINNEY LLP
HILLARY ARROW BOOTH, SBN 125936
(hbooth@dlflawyers.com)
PAUL D. RASMUSSEN, SBN 201680
(prasmussen@dlflawyers.com)
707 Wilshire Boulevard, 45th Floor
Los Angeles, CA 90017-3609
Telephone: (213) 943-6100
Facsimile: (213) 943-6101

Attorneys for Defendants
RCT XPRESS, INC. and
FAST FLEET SYSTEMS, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| ST. PAUL FIRE & MARINE INSURANCE COMPANY, a Minnesota corporation; and AIT WORLDWIDE LOGISTICS, INC., an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>RCT XPRESS, INC., a California corporation, FAST FLEET SYSTEMS, INC., a Pennsylvania corporation, and DOES 1 through 50, Inclusive,<br><br>Defendants. | Case No.: C07-02772 SI<br><br>Hon. Susan Illston<br>Courtroom 10<br><br>DEFENDANTS RCT XPRESS, INC. AND FAST FLEET SYSTEMS, INC.'S ANSWER TO COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

Defendants RCT XPRESS, INC. ("RCT Xpress") and FAST FLEET SYSTEMS, INC. ("Fast Fleet") (collectively, the "Defendants") demand a jury trial on all issues and answer the Complaint filed by Plaintiffs St. Paul Fire & Marine Insurance ("St. Paul") and AIT Worldwide Logistics, Inc. ("AIT Worldwide") (collectively, the "Plaintiffs") as follows:

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of Plaintiffs' Complaint and on that basis denies them.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of Plaintiffs' Complaint and on that basis denies them.

3. Defendants admit the allegations set forth in Paragraph 3 of Plaintiffs' Complaint.

4. Defendants deny that defendant Fast Fleet is a corporation organized under the laws of the State Pennsylvania. Defendants admit that Fast Fleet was a provider of transport services and/or a common carrier of goods for hire, and that it is affiliated with RCT Xpress. Defendants deny the remainder of the allegations set forth in Paragraph 4 of Plaintiffs' Complaint.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of Plaintiffs' Complaint and on that basis denies them.

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of Plaintiffs' Complaint and on that basis denies them.

7. Defendants deny the allegations set forth in Paragraph 7 of Plaintiffs' Complaint.

8. Defendants admit the allegations set forth in Paragraph 8 of Plaintiffs' Complaint.

9. Defendants admit the allegations set forth in Paragraph 9 of Plaintiffs' Complaint.

10. Defendants admit the allegations set forth in Paragraph 10 of Plaintiffs' Complaint.

11. Defendants admit the allegations set forth in Paragraph 11 of Plaintiffs' Complaint.

12. Defendants admit the allegations set forth in Paragraph 12 of Plaintiffs' Complaint.

13. Defendants admit the allegations set forth in Paragraph 13 of Plaintiffs' Complaint.

14. Defendants admit that the stolen cargo was not delivered to the consignee. Defendants deny the remaining allegations set forth in Paragraph 14 of Plaintiffs' Complaint.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of Plaintiffs' Complaint and on that basis denies them.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of Plaintiffs' Complaint and on that basis denies them.

17. Defendants incorporate by reference the admissions and denials contained in paragraphs 1 through 16, inclusive, of this Answer.

18. Defendants admit the allegations set forth in Paragraph 18 of Plaintiffs' Complaint.

19. Defendants admit that the stolen cargo was not delivered. Defendants deny the remaining allegations set forth in Paragraph 19 of Plaintiffs' Complaint.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of Plaintiffs' Complaint and on that basis denies them.

21. Defendants incorporate by reference the admissions and denials contained in paragraphs 1 through 20, inclusive, of this Answer.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of Plaintiffs' Complaint and on that basis denies them.

23. Defendants admit the allegations set forth in Paragraph 23 of Plaintiffs' Complaint.

24. Defendants admit the allegations set forth in Paragraph 24 of Plaintiffs' Complaint.

25. Defendants admit the allegations set forth in Paragraph 25 of Plaintiffs' Complaint.

26. Defendants deny the allegations set forth in Paragraph 26 of Plaintiffs' Complaint.

27. Defendants deny the allegations set forth in Paragraph 27 of Plaintiffs' Complaint.

28. Defendants admit the allegations set forth in Paragraph 28 of Plaintiffs' Complaint.

29. Defendants deny the allegations set forth in Paragraph 29 of Plaintiffs' Complaint.

30. Defendants incorporate by reference the admissions and denials contained in paragraphs 1 through 29, inclusive, of this Answer.

31. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of Plaintiffs' Complaint and on that basis denies them.

32. Defendants admit the allegations set forth in Paragraph 32 of Plaintiffs' Complaint.

33. Defendants deny the allegations set forth in Paragraph 33 of Plaintiffs' Complaint.

34. Defendants deny the allegations set forth in Paragraph 34 of Plaintiffs' Complaint.

35. Defendants incorporate by reference the admissions and denials contained in paragraphs 1 through 34, inclusive, of this Answer.

36. Defendants admit the allegations set forth in Paragraph 36 of Plaintiffs' Complaint.

37. Defendants deny the allegations set forth in Paragraph 37 of Plaintiffs' Complaint.

38. Defendants admit the allegations set forth in Paragraph 38 of Plaintiffs' Complaint.

39. Defendants incorporate by reference the admissions and denials contained in paragraphs 1 through 38, inclusive, of this Answer.

40. Defendants admit the allegations set forth in Paragraph 40 of Plaintiffs' Complaint.

41. Defendants admit the allegations set forth in Paragraph 41 of Plaintiffs' Complaint.

42. Defendants admit the allegations set forth in Paragraph 42 of Plaintiffs' Complaint.

43. Defendants deny the allegations set forth in Paragraph 43 of Plaintiffs' Complaint.

44. Defendants deny the allegations set forth in Paragraph 44 of Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

45. The Complaint, and each claim therein, fails to state a claim against Defendants upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

(Failure to Join Indispensable Parties)

46. The Complaint is barred by Plaintiffs' failure to join indispensable parties.

**THIRD AFFIRMATIVE DEFENSE**

(Release or Waiver)

47. The Complaint, and each claim therein, is barred, in whole or in part, by the doctrines of express or implied release or waiver.

**FOURTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

48. The Complaint, and each claim therein, is barred, in whole or in part, by the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

(Declared Value)

49. Plaintiff is barred from obtaining the damages alleged in the Complaint by the released value (limitation of liability) provisions of the contract.

**SIXTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

50. The Complaint, and each claim therein, is barred, in whole or in part, by Plaintiff's failure to mitigate any alleged damages.

**SEVENTH AFFIRMATIVE DEFENSE**

(Set-Off)

51. Defendants is entitled to an offset against any liability for the greater of (1) any amounts actually paid by any person for any of the costs and/or damages alleged in the Complaint, or (2) the equitable share of the liability of any person or entity that has received or hereafter receives a release from liability or a covenant not to sue with respect to any of the injuries, costs and damages alleged in the Complaint and/or (3) for any amounts that may be owing to Defendants as a result of a determination that the released rate or limitation on liability is not applicable.

**EIGHTH AFFIRMATIVE DEFENSE**

(Contribution or Indemnity)

52. Defendants are entitled, according to proof, to contribution or indemnity from Plaintiffs in this action and such contribution or indemnity would offset or eliminate any liability of Defendants.

**NINTH AFFIRMATIVE DEFENSE**

(Consequential Damages Improper)

53. The Complaint fails to set forth facts sufficient to support a claim for consequential damages and such damages are barred.

**TENTH AFFIRMATIVE DEFENSE**

(Defendants Already Performed)

54. Defendants have fully performed all terms and conditions required under the contract alleged in the Complaint. As a result, any further obligation that Defendants may have had under the alleged contract has been extinguished.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Excuse of Performance)

55. To the extent Defendants were required by any contract or relationship with Plaintiff to render any performance that Defendants have allegedly not rendered, such performance has been, and is excused by the doctrines of impossibility, impracticability, interference by third parties, or frustration of purpose.

**TWELFTH AFFIRMATIVE DEFENSE**

(Assumption of Risk)

56. Plaintiff, with full knowledge of the consequences of its acts and with full knowledge of the dangers incident thereto, voluntarily exposed itself to all of the matters and things alleged in the Complaint and did thereby assume the risks naturally incident thereto.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Lack of Damage)

57. Plaintiff has suffered no damage by virtue of any acts, events or occurrences alleged in the Complaint, or any of them, whether attributable to Defendants or any other, or at all.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Defendants Not Proximate Cause)

58. Defendants are informed and believe, and based thereon allege, that the damages sustained by Plaintiff, if any, were the result of the actions or inactions of persons or entities other than Defendants, and acts, omissions or liability of such others were the sole cause of Plaintiff's alleged damages in this action.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Justification)

59. Defendants are informed and believe, and thereon allege, that Defendants acted with good and sufficient business reasons, and any cause of action advanced by Plaintiff is barred by the doctrine of justification.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Reservation of Rights)

60. The Complaint does not describe its claims or events with sufficient particularity to allow Defendants to ascertain what other affirmative defenses may exist, and Defendants therefore reserves the right to assert all affirmative defenses which may pertain to the Complaint once the precise nature of the claims is ascertained.

**WHEREFORE**, Defendants prays for judgment as follows:

1. That Plaintiff take nothing by reason of the Complaint;
2. That judgment be entered for Defendants and against Plaintiff;

3. That Defendants recover their attorneys' fees, costs and litigation expenses; and

4. For such other and further relief as this Court deems just and proper.

DATED: May 30, 2007

DONGELL LAWRENCE FINNEY LLP

By: *_/s/ Hillary Arrow Booth_*
Hillary Arrow Booth
Attorneys for RCT XPRESS, INC. and FAST FLEET SYSTEMS, INC.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Defendants hereby demand a jury trial of all issues and claims raised by the Complaint.

DATED: May 30, 2007

DONGELL LAWRENCE FINNEY LLP

By: */s/ Hillary Arrow Booth*
Hillary Arrow Booth
Attorneys for RCT XPRESS, INC. and FAST FLEET SYSTEMS, INC.

**PROOF OF SERVICE - CCP §§ 1013a, 2015.5**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 707 Wilshire Boulevard, 45th Floor, Los Angeles, CA 90017-3609.

On the date set forth below, I served the foregoing document described as follows: **DEFENDANT RCT XPRESS, INC. AND FAST FLEET SYSTEMS, INC.'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL** on the interested parties in this action by placing ___ the original/ _X_ a true copy thereof enclosed in a sealed envelope(s) addressed as follows:

Adam C. Brown, Esq.
Janet K. Haines, Esq.
Brown & Associates
A Professional Law Corporation
11140 Fair Oaks Blvd., Suite 100
Fair Oaks, CA 95628

[ X ] **BY MAIL** I deposited such envelopes in the mail at Los Angeles, California. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.

[ ] **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the offices of the addressee(s).

[ ] **BY FEDEX:** I caused such envelopes to be served via FedEx. I am readily familiar with the firm's practice of collection and processing of correspondence for FedEx. Under that practice it would be deposited in a box or other facility regularly maintained by FedEx for next day delivery.

[ ] **BY FACSIMILE MACHINE:** The foregoing document was transmitted to the attached named person(s) by facsimile transmission from (213) 943-6101 on said date and the transmission was reported as complete and without error.

[ ] **BY ELECTRONIC TRANSMISSION:** The foregoing document was transmitted via electronic mail to the addressee(s), at the e-mail address(es) indicated on the attached service list.

[ ] (STATE) I declare under penalty of perjury that the foregoing is true and correct.

[X] (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on May 30, 2007, at Los Angeles, California.

*/s/ Desiree Caudillo*
Desiree Caudillo